Case 1:14-cr-02092-SAB    Document 254    Filed 07/29/15

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 29 2015

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

UNITED STATES OF AMERICA

vs.

GILBERT ONEPENNEE                    1:14-CR-2092-SAB-12

AGREEMENT FOR PRE-TRIAL DIVERSION

It is alleged by an Indictment returned by the Grand Jury on December 9, 2014, in Cause Number 1:14-CR-2092-SAB-9 that GILBERT ONEPENNEE committed the following offenses against the United States in the Eastern District of Washington:

Count 1: Conspiracy to Embezzle and Theft from Indian Tribal Organization, all in violation of Title 18, United States Code, Section 1163 and 371.

Counts 49-56: Theft from Indian Tribal Organization, and did aid and abet the same; all in violation of Title 18, United States Code, Sections 1163 and 2.

Upon accepting responsibility for your behavior and by your signature on this Agreement, it appearing, after an investigation of the offenses and your background, that the interests of the United States and your own interest and the interests of justice will be served by the following procedure, therefore:

On the authority of the Attorney General of the United States, by Michael C. Ormsby, United States Attorney for the Eastern District of Washington, prosecution in this District for this offense shall be deferred for a period of 18 months from the date of the filing of this Agreement, provided you abide by the following conditions and the requirements of the Pre-Trial Diversion program set out below.

Should you violate any conditions of this supervision, the United States Attorney or his designee may revoke or modify any conditions of this Pre-Trial Diversion program or change the period of supervision for an additional period which shall in no case exceed 18 months from the original termination date of the diversion agreement. The United States Attorney may release you from supervision at any time. The United States Attorney may at any time within the period of your

Government's Pretrial Diversion Agreement     1

supervision reinitiate prosecution for this offense should you violate the conditions of this supervision and will furnish you with notice specifying the conditions of your program which you have violated. The decisions of the U.S. Attorney are made at his sole discretion and are not subject to challenge.

If, upon successful completion of the program and your period of supervision, a Pre-Trial Diversion report is received to the effect that you have complied with all the rules, regulations and conditions above mentioned, the pending indictment will be dismissed.

CONDITIONS OF PRE-TRIAL DIVERSION

1. You shall not violate any law (federal, state and local). You shall immediately contact your Pre-Trial Diversion supervisor if arrested and/or questioned by any law enforcement officer for any reason including, but not limited to, traffic infractions. A traffic infraction, other than driving under the influence, will not be deemed to be a violation of this agreement.

2. You shall be employed regularly at a lawful occupation or otherwise comply with the terms of the special program described below. In the absence of a special program, when out of work, you shall notify your diversion supervisor at once. You shall consult him/her prior to job changes. In the event you are self-employed, you shall permit your diversion supervisor and/or his/her designee to review all books, accounts, receipts, and/or tax records kept or maintained in connection with said self-employment.

3. You shall continue to live in this judicial district. If you desire to move out of the district, you shall obtain permission from your diversion supervisor so that the appropriate transfer of program responsibility can be made prior to your relocation.

4. You shall report to your diversion supervisor as directed and keep him/her informed of your whereabouts. Any failure to abide by the meeting or reporting requirements established by your diversion supervisor will be deemed to be an irrevocable violation of the instant Agreement.

Government's Pretrial Diversion Agreement     2

5. You shall obtain and maintain, if legally possible, a valid driver's license and the appropriate vehicle insurance.

6. You shall not possess a firearm.

7. You agree to comply with recommended drug and alcohol treatment, as directed by your diversion supervisor.

8. You shall not possess, control and/or consume any controlled substance, which includes marijuana, or items commonly used for the consumption of such substances (drug paraphernalia), or be in any place where such substances are located, controlled and/or consumed.

9. You shall submit to random urinalysis upon the request or at the direction of your diversion supervisor.

10. You shall provide information and assistance in the federal investigation and prosecution of others who have the same or greater involvement than your involvement in violations of the law pertaining to the Indictment filed on December 9, 2014, 1:14-CR-2092-SAB.

11. Pertaining to the Indictment filed on December 9, 2014, 1:14-CR-2092-SAB, you understand and agree to participate in full debriefings by federal investigative agencies about your knowledge of illegal conduct, at time and places to be decided by these agencies. You agree to provide complete, accurate, and truthful information during the debriefings. It is understood that you may have an attorney present at the debriefings. You agree to participate in any future court proceedings involving any named or unnamed co-conspirators and any other person involved in criminal activity, by testifying completely and truthfully. Such court proceedings include grand jury proceedings, trials, and sentencing hearings.

12. You shall pay restitution to the Confederated Bands and Tribes of the Yakama Nation in the amount of $20,615.00.

13. You agree that the United States may, at its option and upon written notice to you, withdraw from this diversion agreement if you fail to provide truthful, complete, and honest information during debriefings, testimony before the grand jury, or any court proceeding.

14. You understand that this agreement does not protect you from prosecution for perjury, obstruction of justice, or any other offense should you commit any crime during your cooperation under this agreement.

15. You acknowledge that you have not yet completed providing cooperation at the time of the entry into this diversion agreement and that the United States may withdraw from this diversion agreement if you fail to provide information that is fully truthful and complete and/or you fail to testify truthfully and completely at any hearing, trial, grand jury proceedings, or other court proceedings if called as a witness by any party.

16. You acknowledge that if you fail to complete your efforts to provide cooperation by refusing reasonable requests to meet with law enforcement agents, by providing false information or withholding information from agents, or by failing to testify completely, truthfully, and honestly, this agreement shall be considered breached and null and void. The United States may then prosecute the Defendant on all available charges, including making false statements and perjury.

17. You shall strive to achieve the desired goals of the program.

I, GILBERT ONEPENNEE, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request that the United States Attorney for

Government's Pretrial Diversion Agreement    4

the Eastern District of Washington defer any prosecution of me for Count 1, Conspiracy to Commit Theft from Indian Tribal Organization, in violation of Title 18, United States Code, Sections 371 and 1163; and Counts 49-56, Theft from Indian Tribal Organization, in violation of Title 18, United States Code, Sections 1163 and 2, for a period of 18 months, and to induce him to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for the effective period of this Diversion Agreement.

I hereby state that the above has been read by me and explained to me by my attorney. I understand the conditions of my Pre-Trial Diversion and agree that I will comply with them.

_____  7/29/2015
GILBERT ONEPENNEE            DATE

_____  7/21/2015
KENNETH D. THERRIEN          DATE
Attorney for Gilbert Onepennee

_____  7/29/15
THOMAS J. HANLON             DATE
Assistant United States Attorney

_____  7/29/2015
U.S. PROBATION OFFICER       DATE

APPROVED without passing judgment on the merits or wisdom of this diversion.

_____  July 29, 2015
STANLEY A. BASTAIN           DATE
United States District Court Judge

Government's Pretrial Diversion Agreement    6